(Reap. Dec. 10312)

MINNEAPOLIS HONEYWELL REGULATOR COMPANY *v.* UNITED STATES

Entry No. 195, etc.

(Decided August 7, 1962)

*John J. Atkinson* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: Counsel for the respective parties have submitted the appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the Court:

That this stipulation is limited to the items marked "A" and initialed KT by Kelly Tipps on the invoices covered by the entries and appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof.

That the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521) and accordingly was appraised under the provisions of Section 402a(c) of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

That on or about the date of exportation such or similar merchandise was not freely offered for sale for home consumption in Japan or for export to the United States.

That on or about the date of exportation such or similar imported merchandise was not freely offered for sale in the principal markets of the United States.

That the cost of production of the involved merchandise as defined in Section 402a(f) was the entered value of the merchandise in each instance.

That the appeals for reappraisement enumerated in Schedule "A" may be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid and abandoned in all other respects.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory cost of production, and hold that such value for the said merchandise is, in each instance, the entered value. As to all other merchandise

included on the invoices, covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.